CHANDLER, J„
for the Court.
¶ 1. Clyde Henderson pleaded guilty to one count of strong armed robbery and one count of attempted strong armed robbery. Four years later, Henderson filed a motion for post-conviction relief, which the Panola County Circuit Court dismissed. Henderson appeals, raising the following issues, which we quote verbatim from his brief:
1. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT’S SENTENCE WAS NOT ILLEGAL, SUCH ACTION VIOLATES U.S.C.A. AMENDMENTS FOURTEEN, EIGHT, AND FIVE.
2. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT’S PLEA WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE IN VIOLATION OF U.S.C.A. AMENDMENTS FOURTEEN AND FIVE.
3. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT WAS NOT AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF U.S.C.A. AMENDMENT SIX.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On May 25, 2000, Clyde Henderson was indicted by a grand jury in Panola County for the charges of strong armed robbery and attempted strong armed robbery. He was charged as a habitual offender because he had been convicted on April 26, 1990 for uttering a forgery and burglary and on February 26, 1992, for robbery and escape from jail.
¶ 4. On July 12, 2000, Henderson entered guilty pleas to the charges. The judge asked a series of questions to insure that Henderson’s plea was voluntary. Henderson was sentenced to served ten years in the custody of the Mississippi Department of Corrections, followed by five years of post-release supervision on each count, with the sentences to run concurrently with each other and with the sentence he was currently serving.
¶ 5. On July 8, 2004, Henderson filed a motion for post-conviction relief to vacate and set aside his conviction and sentence. The circuit court considered Henderson’s claims of ineffective assistance of counsel, involuntary plea and illegal sentence and made findings that these claims were without merit.
ANALYSIS
1. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT’S SENTENCE WAS NOT ILLEGAL, SUCH ACTION VIOLATES U.S.C.A. AMENDMENTS FOURTEEN, EIGHT, AND FIVE.
2. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT’S PLEA WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE IN VIOLATION OF U.S.C.A. AMENDMENTS FOURTEEN AND FIVE.
3. CIRCUIT COURT COMMITTED ERROR WHEN IT STATED APPELLANT WAS NOT AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF U.S.C.A. AMENDMENT SIX.
¶ 6. Henderson entered his guilty plea on July 12, 2000, and he did not file his motion for post-conviction relief until July 8, 2004. This Court finds that Henderson’s appeal is procedurally barred due to his failure to file his petition for post-conviction relief within the three-year statute of limitations as set forth in Missis *1101 sippi Code Annotated Section 99-39-5(2) (Supp.2004).
¶ 7. Mississippi Code Annotated Section 99-39-5(1) (Supp.2004) specifically includes claims of unconstitutional sentencing and involuntary pleas of guilty as subject to the three-year statute of limitations. The Mississippi Supreme Court has specifically held that claims of ineffective assistance of counsel are subject to the three-year statute of limitations. Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss.2000). Henderson’s claims for post-conviction relief are clearly time-barred.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.